UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSE CARL TOOMER                                                             PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:20-CV-374-LG-RPM

TYRONE NELSON, ET AL.                                                        DEFENDANTS

### REPORT AND RECOMMENDATIONS

Plaintiff Jesse Carl Toomer ("Toomer"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging an array of constitutional violations on December 21, 2020. Doc. [1]. Toomer is currently incarcerated at Jackson County Adult Detention Center ("Jackson County") for manslaughter and sexual battery charges. Doc. [82], at 13. On February 9, 2022, the Court conducted a *Spears* screening hearing. Defendant Summit Food Services, LLC ("Summit") moves for summary judgment based on Toomer's failure to exhaust administrative remedies. Doc. [87]. On March 8, 2021, Toomer filed a motion to amend his complaint, which was granted. Doc. [19, 22]. In his motion, Toomer asserted that he submitted a request to food services "asking that he be put on a Halal Diet." Doc. [19], at 2. He stated that he was denied a Halal diet and was instead only offered a vegan diet. He did not raise this issue at the *Spears* hearing. Summit argues that Toomer failed to file a grievance on this claim; and thus, it is entitled to summary judgment. Doc. [87].

On October 21, 2022, Summit filed a memorandum and motion to withdraw certain arguments. Doc. [113]. Summit withdrew its arguments concerning Toomer's claims that he was given his dinner meal with his lunch meal; and that he was not served his meals at proper times during Ramadan. Doc. [113], at 2. Summit has subsequently filed an additional motion for summary

judgment reaching the merits on those claims. Doc. [127]. The Court will take up that motion at a later time.

I. APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). The movant must "demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Murshid v. King*, 2022 WL 4102782, at *1 (S.D. Miss. Aug. 22, 2022). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

The Prison Litigation Reform Act ("PLRA") requires incarcerated and detained persons to exhaust available administrative remedies prior to bringing an action under § 1983. 42 U.S.C. § 1997e(a). The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The United States Court of Appeals for

the Fifth Circuit has held accordingly and clarified that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012). Further, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013). *See also Wright v. Hollingsworth*, 260 F.3d 357, 358 (finding that filing an initial grievance, without more, did not equate to exhaustion).

II. DISCUSSION

Summit argues that Toomer failed to properly file a grievance on his claim that he was denied a Halal diet. It asserts that Toomer did in fact file two submissions on the kiosk concerning the complaint. However, it argues the submissions were requests to food services and not formal grievances as required by Jackson County's grievance procedure. The submissions stated, "I am a Muslim prisoner. I am requesting Halal food please" and "I do not want a vegen [sic] meal. I am not a vegetarian I was looking for the halal diet not no meat my religion does not call for a vegen [sic] diet . . ." Doc. [113-3], at 1–2. Summit contends that these requests do not present proper grievances; and thus, Toomer failed to initiate the grievance process. As support, Summit provides a record of Toomer's other kiosk filings. The record presents a submission concerning other issues where the request type states "Grievance." Doc. [113-2]. For his Halal diet complaint, the request type states, "Food Services." Doc. [113-3]. Further, Summit provides the Jackson County's Grievance Procedure, which describes grievance submissions separate from other request types. Doc. [87-8]. The handbook suggests that inmate requests, like food service requests, cannot avail inmates of the same review and procedures as formal grievances. *Id*.

The record indicates that Toomer failed to properly file a grievance; and thus, failed to exhaust the denial of his Halal diet claim. While not addressing this claim in particular, Toomer responded to the motion for summary judgment by stating he filed grievances on his claims. Doc. [91]. He provides no documentation to support that assertion. In contrast, Summit has put forth probative evidence showing Toomer failed to create any genuine issue of material fact and that he did not comply with the PLRA's mandatory requirements. Toomer does not offer any evidence to contradict Summit's summary judgment evidence. Further, the undersigned does not find any evidence demonstrating a genuine issue of material fact.

Additionally, before the Court is Toomer's "Motion for Summary Judgment on Defendants Failure to Meet Expert Designation Deadline." Doc. [107]. On June 6, 2022, the Court set a deadline for the parties to designate experts. Doc. [98]. In his motion, Toomer alleges that Defendants failed to meet the deadline. He requests the Court prohibit Defendants from presenting an expert. The Court was not requiring the parties to designate experts. Instead, it was merely providing a deadline if the parties wished to select an expert. A review of the record demonstrates that no Defendant in the lawsuit seeks to present an expert. Thus, the undersigned recommends this motion be denied.

## **RECOMMENDATION**

The undersigned recommends that Defendant Summit Food Services LLC's motion for summary judgment on Plaintiff Jesse Carl Toomer's claim that he was denied a Halal diet be granted for Toomer's failure to exhaust administrative remedies. Doc. [87, 113]. Also, the undersigned recommends that Toomer's motion for summary judgment for Defendants' failure to meet the expert designation deadline be denied. Doc. [107].

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE