IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESSE CARL TOOMER**                                                **PLAINTIFF**

v.                                                       **CAUSE NO. 1:20-cv-374-LG-RPM**

**TYRONE NELSON, et al.**                                        **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

**BEFORE THE COURT** are the [130] Report and Recommendations entered in this matter by Magistrate Judge Robert P. Myers, Jr. on January 3, 2023, in which he recommends that the [87] Motion for Summary Judgment filed by Defendant, Summitt Food Services, LLC ("Summitt"), be granted, and that the [107] Motion for Summary Judgment filed by Plaintiff be denied. For reasons set forth more fully below, the Court adopts the Report and Recommendations in full, granting Summitt's [87] Motion for Summary Judgment and denying Plaintiff's [107] Motion for Summary Judgment.

On December 21, 2020, Plaintiff, a prisoner proceeding *pro se*, filed this action under § 1983 and state law, alleging constitutional violations in connection with his incarceration and seeking declaratory and injunctive relief and damages. He asserts claims for cruel and unusual punishment, violation of due process, denial of counsel, religious discrimination, and retaliation. Among the various defendants in his lawsuit is Summitt Food Services, the jail's food services contractor.

Relevant here, on March 8, 2021, Plaintiff [19] moved to amend his complaint to assert that he requested food services to put him "on a Halall [sic] Diet." (Mot.,

at 2, ECF No. 19). He claims that he was refused the request and instead offered "a vegan diet," which Plaintiff refused. (*Id.*). Food services then "closed the request," leading Plaintiff to complain that he has "been denied [his] Religious Diet." (*Id.*). These amendments were effectuated per an [22] Order Granting Motion to Amend dated March 16, 2021.

On March 28, 2022, Defendant Summitt Food Services filed the instant [87] Motion for Summary Judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to his claim regarding Defendant's denial of his Halal diet.[1] (Mot. Summ. J., ECF No. 87). Plaintiff filed a [91] Response, to which Defendant offered a short [92] Reply.

On January 3, 2023, the Magistrate Judge issued the instant [130] Report and Recommendations, finding that summary judgment should be granted to Summitt. The Magistrate Judge saw no indication in the record that Plaintiff had submitted a grievance in accordance with Jackson County's Grievance Procedure. (R. & R., at 3, ECF No. 130). Therefore, he found that Plaintiff "failed to properly file a grievance; and thus, failed to exhaust the denial of his Halal diet claim." (*Id.* at 4). Summary judgment was thereby warranted under the Prison Litigation Reform Act (PLRA), which requires plaintiffs like Toomer to exhaust their

---

[1] Defendant has filed a similar [127] Motion for Summary Judgment which strikes at the merits of Plaintiff's additional claims that he was served lunch and dinner simultaneously and that he was not served meals properly during Ramadan. The Magistrate Judge has signaled his intention to take this Motion up at a later time. (R. & R., at 1-2, ECF No. 130).

administrative remedies before bringing a lawsuit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

On January 12, 2023, Plaintiff filed a document styled [138] "Plaintiff's Answer to Summit's Motion for Summary Judgment and Answer to Hon. Judge Granting Summary Judgment." (Pl.'s Ans., at ECF No. 138). In this filing, he admits that he "did not file a grievance pertaining to the Halal diet and that it was only a request to food service Summit that Plaintiff submitted." (Resp., at 1, ECF No. 138). He further says that he "will not appeal . . . the dismissal of the Halal diet [claim] for failure to file Administrative Remedy." (*Id.*).

It appears to the Court, after reviewing the record, that Summitt has demonstrated that no genuine issue of material fact exists as to Plaintiff's failure to exhaust his administrative remedies on this claim. As the Magistrate Judge notes, Plaintiff has not provided any summary judgment evidence which calls this conclusion into question. Therefore, and in light of Plaintiff's concession to that effect, the Court finds that the [130] Report and Recommendations should be adopted, and Summitt's [87] Motion for Summary Judgment should be granted.

Plaintiff has also filed a [107] "Motion for Summary Judgment on Defendants['] failure to Meet Expert Designation Deadline," in which he argues that "Defendants failed to meet there [sic] Deadline" as to expert designation. (*See* Mot. Summ. J., ECF No. 107). The Magistrate Judge recommends that this Motion be denied, because the record does not indicate that any of the Defendants have sought to designate an expert; therefore, no deadline has been missed. The Court has read

-4-

the [107] Motion and agrees with the Magistrate Judge.  Hence, the [107] Motion for Summary Judgment will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [130] Report and Recommendations are **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [87] Motion for Summary Judgment filed by Defendant, Summitt Food Services, LLC, is **GRANTED** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [107] Motion for Summary Judgment filed by Plaintiff, Jesse Carl Toomer, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of March, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE