# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JESSE CARL TOOMER**                                                       **PLAINTIFF**

**v.**                          **CAUSE NO. 1:20-cv-374-LG-RPM**

**TYRONE NELSON, et al.**                                         **DEFENDANTS**

## ORDER DISMISSING CASE FOR WANT OF PROSECUTION AND FAILURE TO OBEY COURT ORDERS

**BEFORE THE COURT** is the *ore tenus* Motion to Dismiss made by Defendants, Geneva Drummond and Mackenzie Stover. On December 21, 2020, Plaintiff, proceeding *pro se*, filed this action under § 1983 and state law, alleging constitutional violations in connection with his incarceration and seeking declaratory and injunctive relief and damages. On July 24, 2023, the Court issued a [153] Memorandum Opinion and Order which dismissed most Defendants. In effect the remaining issues in the case were limited to Plaintiffs' inadequate medical care claim against Defendants Geneva Drummond and Mackenzie Stover.

A Pretrial Conference was set for October 18, 2023. (*See* Order Setting Pretrial Conference, ECF No. 154). Plaintiff failed to appear at the Pretrial Conference,[1] despite the Court's entry of the [154] Order Setting Pretrial Conference and a reminder entered on October 6, 2023, both of which were sent to Plaintiff at his last known address. The Order stated, "Should a party or the

---

[1] Thirty minutes after the time scheduled for the pretrial conference, the Court Security Officer (CSO) advised the Court that Plaintiff had not entered the courthouse.

attorney for said party fail to appear or to follow the directions set out herein, an ex parte hearing may be held and a judgment of dismissal or default or other appropriate judgment entered or sanctions imposed." (*See* Order Setting Pretrial Conference, at 2, ECF No. 154).

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Fifth Circuit "'affirm[s] dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Here, Plaintiff failed to appear at the pretrial conference, despite the entry of an Order which notified him that failure to appear could result in a judgment of dismissal or imposition of sanctions. (*See* Order Setting Pretrial

Conference, at 2, ECF No. 154). At the pretrial conference, counsel for Defendants explained that they repeatedly sent Plaintiff correspondence, some by certified mail, which was left unanswered. Counsel also reviewed the continually changing addresses Plaintiff has submitted, most recently an address in Gautier, Mississippi. Plaintiff thereby failed to join in preparing a Pretrial Order and other such necessities required for a trial of this matter. In fact, Plaintiff has not made any appearance before the Court since June 5, 2023, at which time he requested additional time to object to the [150] Report and Recommendations, which objections were never filed. Based upon the record and evidence present by counsel the Court finds that Plaintiff's conduct has resulted in unnecessary delay and waste of limited judicial resources.

Federal Rule of Civil Procedure 16(f) provides: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference." Because Plaintiff failed to appear in violation of this Rule and the Court's Order, this lawsuit will be dismissed for failure to prosecute and failure to obey an Order of the Court, and for the pattern of dilatory conduct noted by the Court on the record. *See, e.g., Jones v. Cooper Tire & Rubber Co.*, No. 1:08CV220-MPM-JAD, 2010 WL 324443, at *1 (N.D. Miss. Jan. 5, 2010) (recommending dismissal of a case for failure to prosecute after the plaintiff failed to appear at the final pretrial conference); *Johnson v. City of Greenville*, Civ. No. 4:03CV336-PB, 2005 WL 1711653, at *2 (N.D. Miss. July 21, 2005); *Cornwell v. Barbour*, No.

3:10CV610-CWR-LRA, 2011 WL 4903192, at *3 (S.D. Miss. Oct. 14, 2011).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *ore tenus* Motion to Dismiss be **GRANTED.** This lawsuit is **DISMISSED** for failure to prosecute and failure to obey an Order of the Court.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE